## Walker *versus* Coursin.

1. Admissions made out of Court by a person offered as a witness are not evidence to exclude him on the ground of interest, but declarations by the *party* calling him that he is interested, are evidence for that purpose.

2. Such statements of the party, if founded in matter of law, will not exclude the witness, if, upon a full disclosure of the facts, he appears to have no interest in the event of the suit; but where the facts are not fully disclosed, and the party pronounced his witness interested, it was not error in the Court to exclude him.

ERROR to the District Court of *Allegheny county*.

This action was brought by B. Coursin against John Walker, Jr., to recover the amount of two promissory notes for four hundred dollars each, drawn by Hunter & Blackstock, to the order of B. Coursin, who endorsed and delivered them to William B. Walker. Coursin, being indebted to William B. Walker, agreed to let him have these notes, but refused to become responsible for them as endorser; or, in other words, William B. Walker was to take them upon the credit and responsibility of the drawers exclusively. In pursuance of this understanding, William B. Walker gave Coursin a written agreement that he would not hold him liable for said notes in case the said Hunter & Blackstock should not pay them at maturity; and John Walker, Jr., the defendant, executed an instrument of writing, as follows:

"I guaranty that Benjamin Coursin shall not be held accountable in case the said notes should not be paid by said Hunter & Blackstock.                                JOHN WALKER, JR."

*Samuel* Walker negotiated the notes with Bagaly & Smith, in the ordinary course of business, for a valuable consideration, with the endorsement of Coursin, who therefore became liable to pay them on the default of the drawers. Hunter & Blackstock having failed to lift the notes at maturity, Coursin, on the last day of grace, the notes being in bank for collection, lifted them without waiting for them to be protested, and then brought this suit against John Walker, Jr., on his guarantee, and recovered a verdict and judgment against him.

On the trial, the *defendant* offered *Samuel* Walker as a witness. He was objected to on the ground *of interest*, and a witness was examined, who testified as follows: *John* Walker and I had a conversation. I told him that he and Coursin should compromise; that both would get into trouble. He said that he would not lose, that *Samuel* was into the notes, they had come through him, and he would have to make them good, if he lost the money. This was after the suit was brought; some time last winter.

It was also testified that Bagaly received the notes from *Samuel*

[Walker *v.* Coursin.]

Walker, and in the ordinary course of business. Also, that Samuel was carrying on business in the name of his son, William B. Walker; that Samuel said it was the only safe way in which he could transact business.

The Court sustained the objection, and this was assigned as error.

*Hamilton*, for plaintiff in error.—Where the evidence submitted to prove the interest of the witness leaves the fact *doubtful*, it should be left with the jury on the score of his credibility, under instructions from the Court to disregard his testimony if they should be of opinion that he is interested: 3 *Rawle* 407, Hart *v.* Heilner; 6 *Barr* 83; 9 *Ad. & El.* 327, Shipton *v.* Thornton.

The only evidence offered to the Court to prove the interest of the rejected witness was that John Walker, the defendant, said "that he would not lose, that Samuel was into the notes, that they had come through him, and he would have to make them good if he lost the money; this was after the suit, some time last winter."

Samuel Walker's name was not on the notes, nor did it appear, on the trial, in either of the collateral engagements of John or William B. Walker to Coursin.

The only assertion of fact by the defendant in relation to these notes is *that they came through Samuel Walker.* The defendant did not assert that *Samuel* was bound to protect these notes, but gave it as his opinion only that he was, from the fact that they came through him; admitting that the notes came through Samuel. Did that justify the conclusion that he was responsible for the payment of them? The absence of Samuel's name from the notes is strong evidence that he was not, and did not intend to become liable for the payment of them. If, then, the conclusion of John Walker with regard to his rights and Samuel's responsibility on these notes is erroneous, there is no evidence to disqualify the latter as a witness.

If the defendant had asserted that *Samuel* Walker was interested, or if he had alleged any fact from which the interest of Samuel would necessarily follow, he would be excluded on the authority of Carmalt *v.* Platt, 7 *Watts* 318. The Court had the fact and the conclusion before them, and it was their duty to inquire whether the one justified the other; and if it did not, to have admitted the witness, notwithstanding the opinion of the party calling him that he was interested.

The declarations of Samuel Walker, as testified to, were not competent to prove his interest. Proof of the confessions of a witness that he is interested or otherwise incompetent, will not exclude him: 3 *Ser. & R.* 130; Carmalt *v.* Platt, before cited.

On part of the defendant in error, it was alleged, that from the facts in evidence, it was admitted by *Samuel* Walker that *he* was interested in the notes.

[Walker *v.* Coursin.]

The opinion of the Court was delivered, September 27, by

LEWIS, J.—The admissions made out of Court by a person offered as a witness, are not evidence to exclude him on the ground of interest, but the statements of the party are.

Such statements of the party, if founded in matter of law, will not exclude the witness, if upon a full disclosure of the facts he appears to have no interest in the event of the suit. But where the facts are not fully disclosed, and the party pronounces his witness interested in the event, he necessarily draws into his own exclusive cognisance the law and fact involved in the question, and the Courts have no means of correcting the error, if there be one. This principle governs the case before us. It appears that the witness "was *into* the notes," that they " came through him," and that his act in negotiating them so as to render the plaintiff below liable on his endorsement, contrary to the agreement, was the cause of the present controversy; but we are not informed of the extent to which he was "into the notes," or of the circumstances under which the notes " came through him." It is therefore impossible to determine whether the party was in error in his declaration that "he would not lose," and "that Samuel Walker would have to make the notes good if he (John Walker) lost the money!" Every intendment is to be made in favor of the decision of the Court below on a question of fact which was within its province to decide. Like arbitrators, or a jury, it enjoys the advantage of hearing and seeing the witnesses, and its decisions on questions of fact are not to be reversed in the appellate Court upon an imperfect note of the evidence, except for a clear and manifest mistake against its weight, such as would be ground for setting aside an award or a verdict. The Court may have inferred that the note in question was the property of Samuel Walker, and that, when he negotiated it, in violation of the contract, so as to make John Walker liable on his endorsement, it was done under some agreement with the latter to indemnify him from the consequences. There was certainly sufficient evidence to justify the finding that he was under some legal engagement to that effect; and upon such a finding of the *fact*, the decision to reject him as incompetent was correct in point of law.

Judgment affirmed.